IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| HOPE MCCULLOUGH, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:17-CV-171-MSH |
| | : | Social Security Appeal |
| NANCY A BERRYHILL, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

# ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for disability insurance benefits finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Hope McCullough filed an application for disability insurance benefits on August 13, 2015, alleging that she became disabled to work on June 30, 2014. Her claim was denied initially on March 11, 2016, and on reconsideration on May 26, 2016. She made a timely request for an evidentiary hearing before an ALJ and a hearing was held on October 28, 2016. Plaintiff appeared with her attorney and testified, as did an impartial vocational expert. Tr. 10. On March 3, 2017, the ALJ issued a decision denying Plaintiff's claim for benefits. Tr. 7-25. Plaintiff sought review from the Appeals Council on May 11, 2017, but was denied on June 15, 2017. Tr. 26-30, 1-6. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her claim for benefits.

## STATEMENT OF FACTS AND EVIDENCE

When the ALJ rendered his written decision, Plaintiff was forty-five years of age and classified under the Commissioner's regulations as a "younger individual." 20 C.F.R. § 404.1563. She has a high school education and past relevant work as a human resources advisor. In her application for disability benefits, Plaintiff alleged that she is unable to work due to post-traumatic stress disorder ("PTSD"), brain injury migraines, and back problems. Tr. 199. The ALJ conducted the five-step sequential analysis of Plaintiff's claim and found at step two that she has "severe" impairments of PTSD, major depressive disorder, panic disorder, and substance abuse disorder. Finding No. 3, Tr. 13. Notably, these are virtually identical to the service connected disabilities found by the United States Department of Veteran's Affairs ("DVA") Disability Evaluation System on July 1, 2015,

when the DVA found Plaintiff one-hundred percent disabled from further military service. Tr. 245.

At step three, the ALJ determined that these impairments, considered both alone and in combination with one another neither meet nor medically equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding No. 4, Tr. 13-15. Between steps three and four, the ALJ formulated a residual functional capacity assessment ("RFC") which permits Plaintiff to perform the full range of work at all exertional levels but with non-exertional restrictions to simple, routine and repetitive tasks, and off-task fifteen percent of the work day and absent at least twice monthly. Finding No. 5, Tr. 15-16. This RFC was found to disable Plaintiff from her past relevant work and from any other jobs available to her in the national economy. Finding Nos. 6, 10, Tr. 16-17.

Because Plaintiff's substance abuse disorder is a contributing factor material to the determination of disability, she is precluded by law from an award of benefits. Tr. 12, 42; U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535. However, a claimant may receive benefits if she proves that she would still be disabled without her drug and alcohol abuse. *Doughty v. Apfel,* 245 F.3d 1274, 1275-76, 1280, 1281 (11th Cir. 2001). Accordingly, the ALJ evaluated Plaintiff's claim further under the assumption that she had discontinued drug and alcohol abuse, rendering substance abuse disorder no longer a severe impairment. Finding Nos. 11, 12, Tr. 17-20. The ALJ found that if Plaintiff stopped her drug and alcohol abuse, she would be able to resume her past relevant work as a human resources advisor or perform other jobs available to her in the national economy. Finding No. 13, Tr. 20-21. Thus, the ALJ found Plaintiff to be not disabled to work. Finding No. 14, Tr. 22.

**DISCUSSION**

Plaintiff first contends that the ALJ erred as a matter of law by not assigning great weight to the disability determination made by the DVA. Pl.'s Br. 4, ECF No. 9. The ALJ found as severe impairments the same impairments listed by the DVA in its Disability Evaluation System determination. Finding No. 3, Tr. 13, 245. Because one of the impairments found in both the ALJ's and DVA's findings is substance abuse and the ALJ found substance abuse to be a material factor in the disability determination, Plaintiff is precluded by law from an award of benefits. *Pearson v. Astrue,* 271 F. App'x 979 (11th Cir. 2008). The ALJ relied on the DVA records in his step-two findings and discussed them at length in formulating Plaintiff's RFC, thereby implicitly affording them the great weight to which they are entitled. *Adams v. Comm'r of Soc. Sec.,* 542 F. App'x 854 (11th Cir. 2013). Plaintiff's first assertion of error is meritless.

Next, Plaintiff contends that the ALJ erred in his step-two evaluation of her claim by not finding her neck, back and shoulder pain to be severe impairments. Pl.'s Br. 6. The ALJ discussed these maladies at length, with specific reference to DVA records, in his step-two findings. Tr. 13. Further, in the formulation of Plaintiff's RFC between steps three and four, the ALJ specifically assigned "great weight" to the opinions of a physician who reviewed Plaintiff's medical records as part of the Disability Determination Services findings and noted that the physician found that the records did not support a conclusion that Plaintiff's alleged physical impairments are severe. Tr. 16.

The Eleventh Circuit has held that where the ALJ discusses the objective evidence of an alleged impairment in later stages of the evaluation, the failure to find an impairment

"severe" at step two is harmless. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853 (11th Cir. 2013). When the ALJ finds in a claimant's favor by determining that there is at least one severe impairment and thus continues to subsequent steps, there is no *per se* requirement to identify all additional impairments at step two. *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949 (11th Cir. 2014). The ALJ must consider all the medical evidence and alleged symptoms in assessing the RFC. *Id.* at 951-52.

Here, the ALJ specifically stated that he considered all medical evidence of record, both in the RFC formulation and at step five, where he found that Plaintiff's impairments, including drug and alcohol abuse, preclude her from performing any jobs available to her in the national economy. Plaintiff does not contest the ALJ's finding that her polysubstance abuse disorder is a material factor in his step-five finding that she cannot work. Because the ALJ found severe impairments at step two and considered and discussed all medical evidence at later steps, there is no error in the ALJ's step-two analysis of Plaintiff's claim.

Plaintiff's third and final assertion of error is that "the ALJ failed to properly consider the side effects of [her] prescribed medications on her ability to work." Pl.'s Br. 9. In formulating her RFC, the ALJ specifically noted that Plaintiff complained of dry mouth, grogginess, sleep disruption, drowsiness, dizziness, nausea, constipation, and blurred vision allegedly caused by her medications. Tr. 15. But, the ALJ also found that these side effects occurred while Plaintiff was abusing alcohol and marijuana daily. He accounted for her complaints about medication side effects, stating that "given the claimant's testimony" she would be off task fifteen per cent of a work day and would miss work at least two days in a month as a result. Tr. 16. Plaintiff failed to prove that these

7

alleged side effects would still be present, and at a disabling level, if she ceased her polysubstance abuse.

Where the ALJ asks about medication side effects and notes the responsive testimony in his written decision, he has sufficiently developed the record. *Walker v. Comm'r of Soc. Sec.,* 404 F. App'x 362 (11th Cir. 2010). The claimant must then prove that the claimed side effects are severe enough to be disabling, considered alone or in combination with other impairments. *Id.* at 367. Because one of her impairments is substance abuse disorder, however, Plaintiff would have to prove that she would still be disabled to work if she ceased alcohol and marijuana abuse. She has not done so and her third contention has no merit.

**CONCLUSION**

The Court finds that none of Plaintiff's assertions of error are meritorious. Accordingly, the Commissioner's decision is affirmed.

SO ORDERED, this 10th day of August, 2018.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE